UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHARON WELLS,

       Plaintiff,        13 Civ. 4965 (RPP)

  - against -           **OPINION & ORDER**

NEW YORK CITY TRANSIT AUTHORITY,

       Defendant.
------------------------------------------------------------------------X
**ROBERT P. PATTERSON, JR., U.S.D.J.**


   On July 15, 2013, Sharon Wells, proceeding pro se, filed a Rule 60 motion seeking relief from the judgment of this Court in Burka v. N.Y.C. Transit Auth., No. 85-CV-5751 (S.D.N.Y. July 8, 1993), which was affirmed on appeal, Wells v. N.Y.C. Transit Auth., No. 93-7950 (2d Cir. 1995).  For the following reasons, Ms. Wells' motion for relief from judgment or order is DENIED.

**I. FACTUAL BACKGROUND**

   Ms. Wells is a former employee of the New York City Transit Authority (the "Authority").  On March 31, 1986, N.Y.C. Transit Authority terminated Ms. Wells because she tested positive for marijuana.  (See Complaint Against New York City Transit Authority ("Pl.'s Mot.") at 2, July 16, 2013, 13 CV 4965, ECF No. 2.)  Ms. Wells contested her termination in State Supreme Court.  According to its own policies, the Authority should not have terminated Ms. Wells, and instead, should have given her the benefit of more lenient discipline.  (See Pl.'s Mot., Ex. 6, Letter re Reinstatement of Sharon Wells.)  As such, Ms. Wells, through counsel, entered into an oral agreement for reinstatement on May 6, 1987.  (See Pl.'s Mot., Ex. 9,

1

Memorandum re Sharon Wells.)  Ms. Wells, however, was never reinstated because she tested positive for cocaine, which violated the terms of the reinstatement agreement.  (Pl.'s Mot. at 4.)

During this period, Ms. Wells was also a member of a class action against the Authority seeking relief from its drug testing policy, which was reassigned to this Judge under the caption Burka et al. v. New York City Transit Authority et al., Docket No. 85-CV-5751 (RPP).  On December 20, 1990, a consent order was filed in the class action, which named Ms. Wells as a member of Subclass Two for "suspended employees."[1]  See Wells v. N.Y.C. Transit Auth., No. 93-7950 at 1-2 (2d Cir. 1995).  Magistrate Judge James C. Francis IV issued a Report and Recommendation upholding Ms. Wells' membership in the "suspended employees" class.  Id.  He found that the classification was consistent with the terms of her reinstatement agreement, which included a provision for treating her as a suspended employee.  Id. at 3.  Ms. Wells objected to the finding, and, on July 8, 1993, this Court upheld the classification because it was not clearly erroneous and accorded with the weight of the evidence.  Burka, No. 85 CV 5751 at 1.  The Second Circuit affirmed on appeal.  Wells, No. 93-7950 at 3.

Twenty years after this Court, in Burka, affirmed Ms. Wells' classification as a suspended employee, Ms. Wells seeks to reopen the case. She complains about not being reinstated after the State Supreme Court action and alleges, without specificity, that the Court failed to receive certain evidence.  (Pl.'s Mot. at 1.)  As to the Burka class action, Wells argues that she was entitled to receive suspension pay from November 8, 1964 through May 5, 1987 (id. at 6), and complains that the Authority has defamed her character and provided wrong information to prospective employers.  (Id. at 6-7.)  The only specific harm that Ms. Wells cites is ten years old and only referenced work history as a ground for not employing her.  (See id. at 6

---

[1] Under the consent order, members of Subclass One, who were terminated employees, were entitled to $43,500; whereas, members of Subclass Two, who were suspended employees, were entitled to $4,000.  Wells, No. 93-7950 at 2.

("Verizon, a perspective [sic] employer in 2002, informed me of why I was having trouble seeking employment . . . [m]y work history was in question.").) Ms. Wells further argues, without specificity, that the Authority improperly submitted hearsay into evidence and committed perjury. (Pl.'s Affirmation in Opposition to Motion ("Pl.'s Reply") at 1-2, Oct. 10, 2013, 13 CV 4965, ECF No. 14.) Thus, Ms. Wells requests the Court to vacate its judgment and grant her the "entitlements" and "justice" due. (Pl.'s Mot. at 8.)

The Authority responded to Ms. Wells' motion, arguing that the motion is both barred under the timing rules of Rule 60(c)(1) and on grounds of res judicata. (Mem. of Law in Supp. of Def.'s Mot. to Dismiss and/or Summary Judgment (Def.'s Mot.) at 4-6, Oct. 4, 2013, 13 CV 4965, ECF No. 11.) On October 10, 2013, Ms. Wells submitted an affirmation in opposition to the Authority's motion. (See Pl.'s Reply.)

## II. LEGAL STANDARD

Ms. Wells is proceeding pro se, so the Court will construe her submissions liberally "to raise the strongest arguments that they suggest." Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (citation omitted). Ms. Wells' submission asks this Court to "vacate the [o]riginal decision" and "grant [] the entitlements [and] justice overdue." (Pl.'s Mot. at 8.) The Court construes the submission to seek relief from a final judgment of this Court pursuant to Rule 60(b).

Rule 60(b) of the Federal Rules of Civil Procedure allows the court to relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; . . . or; (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The purpose of Rule 60(b) is to strike a balance "between serving the ends of justice and preserving the finality of judgments." Harris v. City of New York, 2012 WL 5464576 (S.D.N.Y. Nov. 9, 2012) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). Rule 60(b), however, is available only upon a showing of exceptional circumstances because it allows "extraordinary judicial relief." Nemaizer, 793 F.2d at 61. A party must make a Rule 60(b) motion within a reasonable time. Fed. R. Civ. P. 60(c)(1). If a party moves under provisions (1)-(3), then it must move no more than one year after the entry of judgment. Id.

### III.   DISCUSSION

Because Ms. Wells has filed this motion on July 16, 2013, her claims are time-barred from consideration. Ms. Wells' claims can only be construed as claims for relief from a final judgment, order, or proceeding, under Rule 60(b)(1), 60(b)(3), or 60(b)(6). Ms. Wells raises a claim under Rule 60(b)(1) for mistake when she alleges that she has "facts and documents [the Court] obviously didn't receive," (Pl.'s Mot. at 1), and that the Court improperly admitted hearsay.[2] (Pl.'s Reply at 2.) Ms. Wells also raises a claim for fraud, misrepresentation or misconduct under Rule 60(b)(3) when she alleges in her reply that she "has personal knowledge of facts which bear on this motion because of perjury of work history." (Id. at 1-2.) Rule 60(c)(i) time-bars both of these claims. See Fed. R. Civ. P. 60(c)(1) (A motion under Rule 60(b)(1), (2), or (3) must be made "no more than a year after the entry of the judgment"). Here, Ms. Wells' raises the claims twenty years after the Court's original judgment.[3]

---

[2] Ms. Wells does not argue these facts were unavailable at the time of the original suit, so they are not "newly discovered evidence" under Rule 60(b)(2). Even if she did present "newly discovered evidence," it would also be time-barred by the one-year statute of limitations stated in Rule 60(c)(1). Nor can Ms. Wells claim that Rule 60(b)(4) or Rule 60(b)(5) is applicable.

[3] The Second Circuit does not recognize perjury as fraud upon the court because perjury only affects the rights of the litigants in the individual action. See Gleason v. Jandrucko, 860 F.2d 556 (2d Cir. 1988). Thus, Ms. Wells cannot pursue the perjury issue under Rule 60(d), which has a more lenient statute of limitations.

Rule 60(b)(6) provides that a party can move for "any other reason that justifies relief," and has a more lenient statute of limitations of "a reasonable time."  The Second Circuit has interpreted a "reasonable time" as eighteen months, unless the movant shows good cause for the delay or mitigating circumstances.  Rowe Entm't v. William Morris Agency, Inc., 2012 WL 5464611, *2 (S.D.N.Y. Nov. 8, 2012) (internal citations omitted).  Ms. Wells' claim is time-barred under this standard as well, because she moved more than eighteen months after the judgment, and she has not shown good cause or mitigating circumstances for the delay.  Moreover, Ms. Wells fails to show the "extraordinary circumstances or extreme and undue hardship" required for a Rule 60(b)(6) motion.  See Dow Jones & Co., Inc. v. WSJ Inc., 133 F.3d 906 (2d Cir. 1998).

Further, Ms. Wells would not qualify for relief if this matter were construed as an independent action, rather than as a Rule 60(b) motion.  An independent action would be barred by the doctrine of res judicata because Ms. Wells' claims were already litigated between the parties, and a judgment was entered on the merits in the previous action.  See Gottlieb v. S.E.C., 420 F. App'x 59, 60 (2d Cir. 2011) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).[4]

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from judgment or order is DENIED.  The Court certifies that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of appeal.  See Coppedge v. United States, 369 438, 444-45 (1962).

---

[4] If Ms. Wells believes that she is being denied jobs because of the Court's ruling in Burka or in the related State Supreme Court action, she should submit employment applications with a note from a doctor saying that she has been drug free for a number of years.

IT IS SO ORDERED.

Dated: New York, NY
December 9, 2013

                                                   ____/s/_____
                                                   Robert P. Patterson, Jr.
                                                   U.S.D.J.

**Copies of this Order were mailed/faxed to:**

Sharon Wells
185 McClellan Street
Apartment #2C
Bronx, NY 10456

Kavita Kiran Bhatt & Antonio Seda
New York City Transit Authority
130 Livingston Street
Brooklyn, NY 11201
Fax: (718) 694-5727
Fax: (718) 694-5710